# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-50212
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alberto Jimenez Pastrana,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-699-1

———————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

Alberto Jimenez Pastrana challenges his guilty-plea conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (prohibiting felons in possession). He contends for the first time on appeal that § 922(g)(1) violates the Second Amendment and the Commerce Clause.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Pastrana (as he concedes) did not preserve his two constitutional claims in district court. Because he failed to do so, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Pastrana must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Pastrana's Second Amendment contention is grounded in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (announcing rule for assessing whether statute infringes Second Amendment). As our court very recently held: on plain-error review, this claims fails under *Bruen*. *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023).

Additionally, Pastrana's assertion that § 922(g)(1) is unconstitutional because it exceeds Congress' Commerce Clause authority is, as he concedes, also foreclosed by our precedent. *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (rejecting Commerce Clause contention because our court is "bound by our prior precedents and . . . [the] issue is foreclosed"). He raises the issue solely to preserve it for possible further review.

AFFIRMED.